## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JEANNETTE ACEVEDO CANDELARIO** | **CIVIL NO:** |
| Plaintiff | |
| Vs. | |
| **JULIO ROLDÁN-CONCEPCIÓN** in his personal and official capacity as Mayor of the City of Aguadilla, **GRISELL LAUSELL**, in her personal and official capacity as Human Resources Director of the Municipality of Aguadilla, **THE MUNICIPAL GOVERMENT OF AGUADILLA.** | |
| Defendants | |

## COMPLAINT

**TO THE HONORABLE COURT**:

    **COMES** now plaintiff Jeannette Acevedo Candelario through the undersigned attorney, and respectfully alleges and prays:

### JURISDICTION OF THIS HONORABLE COURT

    1.- The jurisdiction of this Court is invoked pursuant to the provisions of Title 28 United States Code, Sections l983; and Pendant Jurisdiction pursuant to 28 U.S.C. 1367. The First and Fourteenth Amendment of the United States Constitution. Article 1536 of the Civil Code of Puerto Rico. Section 1, 4, 6, and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico. Act 90-2020, 29 L.P.R.A.§ 3111 et. seq.

**TYPE OF PROCEEDINGS**

2.- Plaintiff claim is twofold; first she prays for a mandatory injunction under Federal Rule of Civil Procedure Number 65, ordering the defendants in their official capacity be enjoined from discriminating against plaintiff in violation of the cited Federal Laws and to be reinstated in the position that she held as employee of the Municipal Government for the City of Aguadilla before she was illegally dismissed by not renewing her transitory contract.

3.- It is also a suit for compensatory damages arising from the violation of her federally protected rights since defendants under color of state law deprived plaintiff of her rights, privileges and immunities secured by the United States Constitution and as such defendants in their personal capacity are liable to plaintiff.

4.- The facts hereinafter alleged in this Complaint constitute violations of plaintiff protected rights under the First and Fourteenth Amendments to the Constitution of the United States.

**<u>State Remedies Invoked Under Pendent Jurisdiction</u>**

5.- The facts hereinafter alleged in this complaint constitute violations of plaintiff protected rights under Sections l, 4, 6 and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico, Article 1536 of the Civil Code of Puerto Rico and Act 90-2020, 29 L.P.R.A.§ 3111 et. seq.

6.- Whether liability be predicated under the United States Constitution and Laws or under the Constitution and Laws of the Commonwealth of Puerto Rico, all

the liability arises from a common nucleus of operative facts.

7.- Plaintiff invoke the pendant jurisdiction of this Honorable Court with respect to all claims under the Constitution and Laws of the Commonwealth of Puerto Rico.

## CLAIMS FOR RELIEF

8.- At all times herein mentioned, and in all matters complained of herein, the defendants, and each of them acted in full knowledge that they were violating the rights of plaintiff as protected under the Constitution and the Laws of the United States.

9.- The law with respect to defendants conduct, and the conduct of each and every one of them, was clearly established as illegal and violative of plaintiff rights under the Constitution and Laws of the Commonwealth of Puerto Rico.

10.- The demotion, persecution or dismissal is politically motivated if it's done without cause.

11.- Plaintiff worked for the Municipal Government of the City of Aguadilla as a Clerk I with a salary of $1,368.00 a month.

12.- The position that plaintiff held as Clerk I is not one that political loyalty is a proper requirement for its performance.

13.- Plaintiff had a legitimate expectancy in her continuous employment.

14. - The acts of the defendants were done deliberately; knowing that it is unlawful with the bad faith knowledge that they were violating plaintiff federally secured rights.

15.- Plaintiff is entitled under the Laws of the Commonwealth of Puerto Rico to be free from the obligation of mitigation of damages under such circumstances as are herein above set forth.

16.- Plaintiff is entitled to damages for violation of her Constitutional Rights plus damages for her actual losses, and for her pain, suffering, anguish and humiliation.

17.- Pursuant to the provisions of 42 USC, Section 2000 plaintiff, should she prevail on any issues herein, is entitled to reasonable attorneys' fees in this action.

18. -  Pursuant to the provisions of Title 32, Rules of Civil Procedures of the Commonwealth of Puerto Rico, App. II, Rule 44.4 (d), plaintiff is also entitled to attorneys' fees for the defendant's obstinacy and pre-judgment interest from the date of the filing of this complaint.

19. - Defendants, and each of them, have been obstinate in fomenting this litigation.

20. - Plaintiff Jeannette Acevedo Candelario is a citizen of the United States of America and of the Commonwealth of Puerto Rico, of legal age, resident of the City of Aguadilla, Puerto Rico and an active member of the New Progressive Party.

21.- Defendant Julio Roldán Concepción is of legal age, the mayor of the City of Aguadilla, the President of the Popular Democratic Party in Aguadilla, a citizen and a resident of the Commonwealth of Puerto Rico.

22.- Griselle Lausell is the Director of Human Resources for the Municipal Government of Aguadilla, a member of the Popular Democratic Party, a citizen and

resident of the Commonwealth of Puerto Rico.

23.- The City of Aguadilla is a political organization with judicial personality that can sue and be sued on its own and its legally represented by mayor Julio Roldán-Concepción. The actions of mayor Roldán-Concepción constitute the official policy of the municipal Government of Aguadilla. For this reason the Municipality of Aguadilla is liable to plaintiff.

24.- The present action is directed to all named defendants, in their official capacity as to the injunctive relief, as an equitable remedy, pursuant to Rule 65 of the Federal Rules of Civil Procedure and in their personal capacity as to compensatory damages arising from the violation of plaintiff federally and state rights as alleged in this complaint.

## **SPECIFIC FACTS RELEVANT TO THIS CLAIM**

25. - Plaintiff Acevedo-Candelario began to work for the Municipal Government of Aguadilla on March 3, 2021, as a transitory employee. All of her subsequent transitory contracts were renewed by defendant, Municipality of Aguadilla, without plaintiff having to apply for such renovations.

26.- During her tenure, working for the Municipal Government of Aguadilla she was always praised for her good work. As a matter of fact, on February 27, 2023, a special incentive of $4,000.00, that was given to those employees that actively work to guarantee the continuity of services and the execution of security measures, was given to her.

27.- For reasons, then not known to plaintiff, around April 2023, employees of

the Municipal Government of Aguadilla, that also worked in the political campaign of defendant Roldán-Concepción, began to harass plaintiff because of her race and the color of her skin. Plaintiff race is Afro-American or black.

28.- Plaintiff had to request an order to protect her from stalking, which was granted, by the Municipal Court of Aguadilla. Defendant Roldán-Concepción did nothing to prevent the racial harassment that plaintiff was being subjected to.

29.- Plaintiff complaint to defendant Griselle Lausell, the Director of Human Resources, of the racial harassment she was being subjected to. Defendant Lusell told her that it was not her fault that she was a black woman and that her contract was not going to be renewed by the mayor because of the complaint that she had filed against municipal employees that were of the trust of the mayor.

30.- Plaintiff went to see the mayor to inquire if it was true that her contract was not going to be renewed because of the complaint that she had filed against some municipal employees. To her surprise, the mayor told her that those employees were of his trust, that he will support them in whatever they do and that he was betrayed by her. When she asked what he meant by betrayal, the mayor told her that he found out that she was actively campaigning for Dennis Morales. Morales was one of the two candidates that where participating in the New Progressive Party primaries for mayor of Aguadilla (Dennis Morales won the primary), and that being her a municipal employee, paid by him, that in his book constitutes a betrayal.

31.- Plaintiff told the mayor that not renewing her contract, because she had

filed the complaint in the Municipal Court, that was retaliation and that if it was because she was active in the campaign of Dennis Morales, that was political discrimination and that he should not support employees that were harassing her because the color of her skin.

32.- Defendant Roldán-Concepción reaction was to tell her "sue me".

33.- The hostile working environment created by the harassment of the municipal employees, because plaintiff Acevedo-Candelario is Afro-American, constitutes a violation of Act 90-2020, Article 1536 of the Civil Code of Puerto Rico, the First and Fourteenth Amendment of the United States Constitution and Sections 1,4,6,7 of Article II of the Constitution of the Commonwealth of Puerto Rico.

34.- Defendant Griselle Lausell, as Director of Human Resources, did nothing to prevent, foresee and correct the racial harassment that plaintiff was being subjected to by municipal employees of the trust of co-defendant Roldán-Concepción, to the contrary, she allowed it to continue.

35.- Defendant Julio Roldán-Concepción, as mayor of the city of Aguadilla and nominating authority of the Municipal Government of Aguadilla did nothing to prevent, foresee and correct the racial harassment that plaintiff was being subjected to by municipal employees of his trust, to the contrary he allowed it to continue.

36.- On June 19, 2023, plaintiff received a letter signed by co-defendant Julio Roldán-Concepción and dated June 15, 2023 which informed her that her contract, as transitory employee, that expires on June 30, 2023, was not going to be renewed.

37.- The dismissal of plaintiff for reason of her political affiliation constitutes a violation of the First and Fourteenth Amendment of the United States Constitution, Sections 1,4,6 and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico, Article 1536 of the Civil Code of Puerto Rico and Act 90-2020.

38.- The not renewal of plaintiff transitory contract in retaliation because she filed a complaint against employees of the trust of mayor Roldán-Concepción constitutes a violation of Act 90-2020, Article 1536 of the Civil Code of Puerto Rico, the First and Fourteenth Amendment of the United States Constitution and Sections 1,4,6,7 of Article II of the Constitution of the Commonwealth of Puerto Rico.

39. - Plaintiff, as a transitory employee, had no tenure over the position that she held as such plaintiff did not have any right to be rehired, but the Courts have long ruled that if there is no valid reason for not renewing a transitory contract and to the contrary the reason is illegal, that constitutes a violation of the employee Constitutionally Protected Rights.

## **ABSENCE OF GOOD FAITH**

40.-  The **Branti v. Finkel**, (445 U.S. 507), doctrine was well rooted.

41.- Defendants in this case, nevertheless, under color of state law, decided to defy the Courts, knowing as they know, that they could not dismiss plaintiff for reason of her political preferences nor could they dismiss plaintiff in retaliation or harass plaintiff because of her race.

42.- Their acts show defendants did not act in good faith and actual damages and punitive damages should be imposed on defendants jointly and severally.

## FIRST CAUSE OF ACTION

43.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 42, with the same force and effect as if set forth at length herein.

44. - Mayor Julio Roldán-Concepción in dismissing plaintiff, by not renewing her transitory contract, from the position of Clerk I that she held at the Municipal Government of Aguadilla, for reason of her political preference caused plaintiff the deprivation of her job and her means to earn a living.

45 - The damages caused to plaintiff by defendant's illegal dismissal, in violation of her Federally Protected Rights, her rights under the Constitution of the Commonwealth of Puerto Rico and Article 1536 of the Civil Code of the Puerto Rico constitutes an unlawful employment practice. Her damages are reasonably estimated in the amount of $1,000,000.00.

## SECOND CAUSE OF ACTION

46.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 42, with the same force and effect as if set forth at length herein.

47.- Dismissing plaintiff because she filed a complaint against municipal employees that were of the trust of mayor Roldán-Concepción constitutes

retaliation and violation of the rights guaranteed by the Constitution of the United States and the Constitution and Law of the Commonwealth of Puerto Rico. A violation of a Constitutional Right even for a minimal period of time constitutes an irreparable injury. These damages are reasonable estimated in the amount of $1,000,000.00.

## THIRD CAUSE OF ACTION

48.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 42, with the same force and effect as if set forth at length herein.

49.- Plaintiff was subjected to racial harassment by employees of the Municipal Government of Aguadilla with the express or tacit consent of defendants Roldán-Concepción and Lausell and/or did nothing to prevent or to put a stop to such racial harassment. This constitutes a violation of plaintiff protected rights guaranteed by the Constitution of the United States, the Constitution of the Commonwealth of Puerto Rico and the cited laws of Puerto Rico. These damages are reasonably estimated in the amount of $1,000,000.00.

## FOURTH CAUSE OF ACTION

50.-  Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 42, with the same force and effect as if set forth at length herein.

51. - As an employee of the Municipal Government of Aguadilla plaintiff had a salary of $1,368.00 monthly. For the reason here stated plaintiff is entitled to a

finding that defendants be ordered to pay her back salaries, vacation and any other benefit she had since the day she was dismissed until the days he is reinstated.

## FIFTH CAUSE OF ACTION

52.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 42, with the same force and effect as if set forth at length herein.

53.- As a result of defendants' actions of dismissing or not renewing plaintiff contract because her support to a candidate for mayor of Aguadilla for the New Progressive Party, the racial harassment that plaintiff was subjected to with the express or tacit consent of defendants Roldán-Concepción and Lausell and the retaliation of not renewing her transitory contract because she filed a complaint against employees that were of the trust of defendant Roldán-Concepción, she has suffered great mental anguish, grief, much anxiety, humiliation, pain and distress.

54.-The damages suffered by plaintiff in accordance to Act 90-2020 are evaluated in a sum equal to double the damages that were caused to plaintiff independently of any other responsibilities for damages for which defendant is responsible.

## SIXTH CAUSE OF ACTION

55.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 42, with the same force and effect as if set forth at length herein.

56.- Plaintiff is entitled to a finding that the defendants acted knowingly,

11

intentionally, in bad faith and gross negligence to deprive plaintiff of her federally secured rights and to an award of Punitive Damages in an amount not less than $1,000,000.00.

## SEVENTH CAUSE OF ACTION

57.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 42, with the same force and effect as if set forth at length herein.

58.- Pursuant to Federal Rules of Civil Procedure Number 65, plaintiff request that an order be issued against defendants in their official capacity, reinstating her to the position she held and was illegally dismissed as employee of the Municipal Government of Aguadilla. That they be enjoined from discriminating against her in violation of the cited Federal and State Constitutions and Laws.

## TRIAL BY JURY

59.- A Trial by Jury is requested in all causes of actions.

**WHEREFORE,** plaintiff respectfully prays from this Honorable Court to:

a. Assume Jurisdiction of this action;

b.  Enter an Order granting a Preliminary and Permanent Injunction prohibiting, restraining and enjoining, the defendants in their official capacity, agents, or anyone acting in concert with them or pursuant to their orders; or, their successors in any representative capacity from violating any Constitutional Rights of plaintiff;

c. Enter an Order granting a Preliminary and Permanent Injunction ordering

defendants in their official capacity, and each of them, or their agents and successors to reinstate plaintiff, to the position she held at the Municipal Government of Aguadilla.

d.   Grant plaintiff damages and punitive damages against the defendants in their personal capacity and against the City of Aguadilla, and each of them, jointly and severely;

e.   Accept its pendent and ancillary jurisdiction over the parties and grant plaintiff all her rights under the Constitution and Laws of the Commonwealth of Puerto Rico;

f.   Enter an Order granting plaintiff reasonable attorney's fees, costs and pre-judgment interests;

g.   Grant such other and further relief that to this Honorable Court may deem just and proper.

In Aguadilla, Puerto Rico this 13th day of June of 2024.


*S/Israel Roldán-González*
**ISRAEL ROLDAN-GONZALEZ**
**USDC-PR No. 115602**
35 Progreso
Aguadilla, P.R. 00603
Tel. 891-1359
irg@roldanlawpr.com

13